UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

                              Case No. BT 14-01038

JAMIE MARIE WILLIAMS,            Chapter 7

       Debtor.

_____/

## OPINION DENYING DEBTOR'S
## MOTION TO CONVERT TO CHAPTER 13

Appearances:

Patrick S. Fragel, Esq., Traverse City, Michigan, attorney for Jamie Marie Williams, the
       Debtor.


I.  INTRODUCTION & ISSUE PRESENTED.

Jamie Marie Williams (the "Debtor") filed a voluntary petition under chapter 7 of the

Bankruptcy Code[1] and was granted a discharge.  The day after her chapter 7 discharge

was entered, the Debtor filed a motion to convert her case to chapter 13.  Under § 1328(f),

the entry of the discharge in her chapter 7 case renders the Debtor ineligible for a

discharge in the converted chapter 13 case.  At the hearing on the motion to convert,

Debtor's counsel indicated that the Debtor intended to waive her chapter 7 discharge

pursuant to § 727(a)(10).  Accordingly, in determining whether to grant the Debtor's

motion to convert, the issue is whether the previously entered discharge may be waived

---

[1]     The Bankruptcy Code is set forth in 11 U.S.C. §§ 101-1532 inclusive.  Specific
provisions of the Bankruptcy Code are referred to in this opinion as "§ ___."

under § 727(a)(10), revoked under § 727(d), or otherwise set aside prior to, or in conjunction with, the requested conversion.


## II.  JURISDICTION.

The court has jurisdiction over this bankruptcy case.  28 U.S.C. § 1334.  The case and all related proceedings have been referred to this court for decision.  28 U.S.C. § 157(a); Local Civ. Rule 83.2(a) (W.D. Mich.).  This contested matter is a statutory core proceeding.  28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate) and (O) (other proceedings affecting the adjustment of the debtor-creditor relationship).  Notwithstanding the holdings in Executive Benefits Ins. Agency v. Arkison, __ U.S. __, 134 S. Ct. 2165 (2014); Stern v. Marshall, __ U.S. __, 131 S. Ct. 2594 (2011) and Waldman v. Stone, 698 F.3d 910 (6th Cir. 2012), this court is constitutionally authorized to enter a final order in this contested matter.


## III.  FACTS AND PROCEDURAL HISTORY.

On February 24, 2014, the Debtor filed her chapter 7 petition.  (Dkt. No. 1.)  The Debtor's schedules indicate that the vast majority of her unsecured debt is owed to the State of Michigan Unemployment Insurance Agency as a result of a benefit overpayment received by the Debtor.  (Dkt. No. 1, Sch. F.)  Kelly M. Hagan was appointed as the Chapter 7 Trustee (the "Trustee") and the case was administered in due course.  On March 25, 2014, the Trustee entered her Report of No Distribution.  (Dkt. No. 16.)

On May 27, 2014, the State of Michigan, Department of Licensing and Regulatory Affairs Unemployment Division (the "State of Michigan") filed an adversary proceeding

against the Debtor.  (See AP No. 14-80126, Dkt. No. 1.)  The adversary complaint alleges that the Debtor owes the State of Michigan $61,337.90 in restitution for overpaid unemployment benefits, interest on that restitution, and statutory penalties.  The State of Michigan further alleges that the debt for restitution and interest is nondischargeable under § 523(a)(2)(A) because the Debtor obtained the overpayments by fraud, and that the statutory penalties are nondischargeable under § 523(a)(7) as penalties payable to a governmental unit.  The Debtor filed an answer the complaint on June 26, 2014.  (AP Dkt. No. 4.)  The adversary proceeding remains pending at this time.

On June 26, 2014, the Court entered its Order Discharging Debtor.  (Dkt. No. 18.) The next day, the Debtor filed her Motion to Convert Case from Chapter 7 to Chapter 13 (the "Motion to Convert").  (Dkt. No. 19.)  The Debtor's Motion to Convert is very succinct, and requests that the case be converted to chapter 13 pursuant to § 706.  The Motion to Convert does not request that the chapter 7 discharge be waived or otherwise set aside.

Upon its review of the Debtor's Motion to Convert, the Court scheduled the motion for hearing.  Hearings were subsequently held before this Court on August 7, August 28, and September 18, 2014.   The Debtor also filed a Brief in Support of Motion to Convert Chapter 7 Case to Chapter 13 and to Grant a Waiver of Discharge on September 17, 2014.  (Dkt. No. 25.)  The Debtor's brief includes a request that this Court "approve a written waiver of discharge" pursuant to 11 U.S.C. § 727(a)(10) prior to converting the case to chapter 13.  In support of this request, the Debtor argues that the Bankruptcy Code places no explicit time limitation on when a waiver of discharge may be approved by the Court.

At the conclusion of the hearing held on September 18, 2014, the Court took the Debtor's Motion to Convert under advisement.

IV. <u>DISCUSSION.</u>

The Debtor's Motion to Convert was filed pursuant to § 706 which generally permits conversion from chapter 7 to chapter 13 "at any time," as long as the case has not previously converted and the debtor is eligible for chapter 13 relief.  11 U.S.C. § 706. However, based upon arguments made by Debtor's counsel at the hearings and in her brief, it is clear that the Debtor is seeking conversion to chapter 13 because of her obligations to the State of Michigan, which resulted from the alleged unemployment benefit overpayments.  These debts, or some portion of these debts, are potentially nondischargeable in chapter 7, but could be addressed in chapter 13, both through payments and by obtaining a discharge pursuant to § 1328.  It is equally clear that the entry of the discharge in the Debtor's chapter 7 case will preclude the issuance of a discharge in the converted chapter 13 case.  Section 1328(f) provides that the Court shall not grant a discharge in a chapter 13 case if a debtor has received a discharge in a chapter 7 case during the four year period preceding the order for relief in the chapter 13 case.  11 U.S.C. § 1328(f); <u>see also</u> 11 U.S.C. § 348(a) (conversion of a case from one chapter to another "constitutes an order for relief under the chapter to which the case is converted . . . .").  In this case, the Debtor wishes to convert to chapter 13, but only if she is eligible to receive a chapter 13 discharge.  In order for that to occur, her chapter 7 discharge, previously entered by the Court on June 26, 2014, must be waived, revoked or vacated.

A.  *Waiver of Discharge.*

The Debtor's primary argument is that she should be permitted to waive her previously entered chapter 7 discharge.  Waiver of discharge is governed by § 727(a)(10), which provides that "[t]he court shall grant the debtor a discharge, unless . . . the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter . . . ."  11 U.S.C. § 727(a)(10).  The Debtor contends that she will tender a written waiver of discharge after the order for relief, and argues that the Court should approve such a waiver of discharge, notwithstanding the fact the chapter 7 discharge has already been entered.  If this occurred, the Debtor would presumably be eligible for a chapter 13 discharge under § 1328.

During the hearings on the Debtor's motion, the Court referred counsel to a recent unpublished decision authored by the Honorable Scott W. Dales.  In re Voshell, Case No. DG 13-00454 (Bankr. W.D. Mich. Sept. 9, 2013) (unpublished slip opinion).  The debtor in Voshell sought conversion to chapter 13 after entry of his chapter 7 discharge.  In denying the debtor's motion, Judge Dales rejected the debtor's attempt to waive his chapter 7 discharge.  The Court concluded that the proposed waiver "would not be effective because discharge waivers must be executed before entry of the discharge."  In re Voshell, slip op. at 3.

The Debtor in this case disagrees with the Court's conclusion in Voshell and argues that § 727(a)(10) does not impose a requirement that the waiver must be executed prior to the entry of the discharge. However, several other well-reasoned cases support Voshell's conclusion that once the discharge is entered, it is too late for the debtor to request that it be waived.  See, e.g., In re Newton, 490 B.R. 126 (Bankr. D.C. 2013); In

re Nader, 1998 WL 767459 (Bankr. E.D. Pa. Oct. 30, 1998) (unpublished opinion); In re Bailey, 220 B.R. 706 (Bankr. M.D. Ga. 1998).  As one court explained, "the very structure of [§] 727(a)(10) makes clear that the proposed 'waiver' of a discharge is forward-looking and must be presented to the Court before a discharge has been granted."  In re Grabowski, 462 B.R. 534, 538 (Bankr. W.D. Pa. 2011).  "Thus, '[w]hile no deadline has been expressly stated by the Code or Rules, the vesting of rights following the entry of discharge is a circumstance which [the] Debtor could reasonably anticipate and which will be deemed to preclude the exercise of [the] Debtor's right to waiver [of] the discharge.'" Id. (quoting In re Bailey, 220 B.R. at 710).

The reasons that support prohibiting a debtor from waiving the discharge after it has been entered are readily apparent.  The discharge is a permanent injunction upon which the debtor's current and future creditors rely.  It "carries consequences of finality" not only for current creditors whose claims are forever barred from collection, but also for postpetition creditors who may rely upon the bar to the debtor obtaining a discharge in a new case within the statutorily-prescribed time periods.  In re Newton, 490 B.R. at 128; see also In re Bailey, 220 B.R. at 710 (any "arguable inequity" that results from precluding waiver of a discharge after it has been entered "is offset by the necessity for finality and predictability").  "The debtor's present and future creditors are entitled to certainty regarding whether those consequences are in place, a certainty achieved by the requirement that if a debtor is going to waive her discharge, she must seek approval of such a waiver before a discharge is entered."  In re Newton, 490 B.R. at 128-29; cf. In re Gomez, 456 B.R. 574, 577 (Bankr. M.D. Fla. 2011) (denying a debtor's request to revoke her discharge under § 727(d) and explaining that the "absence of any other provision in

the Bankruptcy Code allowing for revocation of a Chapter 7 discharge" after its entry "is purposeful;" the "discharge injunction is permanent" and is relied upon by both the debtor and the creditors).

This Court agrees with Voshell and the other courts that have concluded that a debtor may not waive his or her discharge after it has been entered.  Because the Debtor here has received a discharge in her chapter 7 case, she may not now waive her discharge in the context of her Motion to Convert.

B.  *Other Grounds for Revoking or Setting Aside the Discharge.*

Although the Debtor has focused her argument on waiver of discharge under § 727(a)(10), the Court has also considered whether there are any other grounds on which the Debtor's chapter 7 discharge may be revoked or set aside.   The Court concludes that there are not.

For example, § 727(d) permits "the trustee, a creditor, or the United States Trustee" to request that a debtor's discharge be revoked if the debtor has committed one of the types of misconduct enumerated in the statute.  The Debtor is not among the parties who have standing to request revocation of a discharge under § 727(d).  See In re Voshell, DG 13-00454, slip op. at 3; In re Gomez, 456 B.R. at 577; In re Bailey, 220 B.R. at 707-08.  In this case, no other party has requested revocation of the discharge and there is no evidence to suggest that the Debtor committed any act that would compel the Court to revoke the discharge.  The Debtor's discharge may not be revoked under § 727(d).

The Debtor has similarly failed to establish grounds for setting aside her discharge under Federal Rules of Bankruptcy Procedure 9023 or 9024.  Bankruptcy Rule 9023 makes Federal Rule of Civil Procedure 59 applicable to bankruptcy cases.  Rule 59(e)

permits alteration or amendment of a judgment when there has been "a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." See GenCorp, Inc. v. American Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999). Bankruptcy Rule 9024 incorporates Federal Rule of Civil Procedure 60. Rule 60(a) permits the correction of clerical mistakes, oversights and omissions in orders, and Rule 60(b) allows a party to request relief from a judgment or order under certain circumstances, such as if the order was obtained by fraud, mistake, or surprise. In this case, the Debtor has not articulated any grounds that would justify relief under Rule 59(e) or Rule 60. Therefore, the Debtor's discharge may not be vacated or set aside on these bases.

Finally, at the last hearing on the Motion to Convert, counsel for the Debtor invoked § 105 and suggested that the Court should set aside the discharge under its general authority to issue orders that are "necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Here, however, in light of the weight of authority against approving a waiver of discharge once the discharge has been entered, the Debtor's lack of standing to seek revocation of the discharge, and the absence of any other basis to set aside or vacate the discharge, the Court concludes that § 105 may not be employed to set aside the Debtor's discharge. See, e.g., Miller v. Pennsylvania Higher Educ. Assistance Agency (In re Miller), 377 F.3d 616, 624 (6th Cir. 2004) (bankruptcy courts may not rely on § 105 to take actions that contravene express provisions of the Bankruptcy Code) (citing Ray v. City Bank & Trust Co. (In re C-L Cartage Co.), 899 F.2d 1490, 1494 (6th Cir. 1990)).

## V.  CONCLUSION.

For the reasons set forth herein, the Court concludes that there are no grounds upon which the Debtor's chapter 7 discharge may be waived, revoked, or set aside. Under § 1328(f), entry of the discharge renders the Debtor ineligible to obtain a discharge in a converted chapter 13 case.  Because the Court believes that the Debtor's Motion to Convert was premised upon her ability to seek and obtain a discharge under § 1328(a), the motion shall be denied without prejudice.  If the Debtor still wishes to convert to chapter 13, notwithstanding her ineligibility for a chapter 13 discharge, the Debtor may file a renewed motion to convert within fourteen (14) days of entry of this opinion, and the Court will likely enter an order approving the request.

A separate order shall be entered accordingly.

**IT IS SO ORDERED.**

**Dated November 26, 2014**




James W. Boyd
United States Bankruptcy Judge